## Flanders v. Welch

*Floy C. Jones, Jr.,* and *John H. Cartwright,* for plaintiffs.

*B. R. Coppolo,* for defendants.

TRAMBLEY, P. J., August 3, 1954.—This case is before the court on preliminary objections filed by defendants to plaintiffs' complaint.

From the complaint it appears:

That William T. Flanders is a resident of Gibson Township, Cameron County, and plaintiff, Robert A. MacMillan, is a resident of Gibson Township, Cameron County.

That defendants, Donald C. Welch and Warren J. Bauman, are residents of Lock Haven, Clinton County.

That on or about January 27, 1953, defendants came to the place of business of plaintiff, William T. Flanders, Sinnamahoning, Cameron County, and told plaintiffs that they were interested in securing gas and oil leases in the vicinity and inquired of plaintiffs if they knew of any lands which were available for leasing.

That at that time defendants promised and agreed orally with plaintiffs that if plaintiffs would give them information or help or assistance, by or through which they, defendants, would secure any oil or gas leases, they would give plaintiffs a 1/32 interest or override in the proceeds from any gas or oil wells drilled on such leases, in payment for such information.

That relying on this promise and agreement by defendants, plaintiffs told defendants of certain land situate in Benezette Township, Elk County, owned by Samuel Bateman or by Samuel Bateman and Alice G. Bateman, his wife, which they, plaintiffs, believed could be leased. Whereupon, defendants or one of them contacted the Batemans concerning leasing said land.

That at the time defendants or one of them talked to Mr. Bateman about leasing this land, Mr. Bateman stated that he and his wife would not lease their land until a well being drilled on an adjoining farm was completed.

That defendants then told plaintiffs to keep themselves informed of the progress of the well being drilled on the farm adjoining the Bateman's property and to contact them, defendants, as soon as said well was completed.

That approximately two or three weeks thereafter, said well being drilled on the farm adjoining the Bateman property was drilled in. Whereupon, plaintiffs called defendant, Donald C. Welch, by telephone and informed him of the fact.

That the next day defendant, Donald C. Welch, returned to Elk County and was successful in securing a gas and oil lease on the Bateman property from Samuel Bateman and Alice C. Bateman, his wife. Said lease agreement was dated February 24, 1953, between Samuel Bateman and Alice C. Bateman, his wife, lessors, and Warren J. Bauman and Donald C.

Welch, lessees, whereby the lessors granted, demised, leased and let unto the lessees 32 acres of land, more or less, situate in Benezette Township, Elk County.

That on March 2, 1953, defendants, together with their wives, for a consideration of $5,000 and the $\frac{1}{4}$ of the oil produced and saved from the premises, and the $\frac{1}{4}$ of the gross proceeds of the sale of gas produced and saved from said premises, which $\frac{1}{4}$ of the said oil and gas included any royalty or interest thereinbefore sold or reserved, conveyed, transferred and assigned unto Lock Haven Development Corporation, its successors and assigns, the southermost 25 acres of said leasehold estate, reserving to themselves the northern seven acres thereof.

That about two weeks after defendants secured said lease from Samuel Bateman and Alice C. Bateman, his wife, plaintiffs, not having heard further from defendants, traveled to Lock Haven and requested Donald C. Welch, one of the defendants, to carry out the agreement he and defendant, Warren J. Bauman, had made with plaintiffs by assigning to them the 1/32 of the proceeds from any gas and oil wells to be drilled on the Bateman property.

That at that time defendant, Donald C. Welch, offered to pay plaintiffs cash in lieu of the 1/32 override or interest in the Bateman lease, but plaintiffs told defendant, Donald C. Welch, that they were not interested in a cash offer. No specific amount of money was mentioned by any of the parties.

That defendant, Donald C. Welch, then informed plaintiffs that the board of directors of Lock Haven Development Corporation was meeting the following afternoon and that he would bring the matter of the assignment to plaintiffs of the 1/32 of the proceeds from gas and oil wells to be drilled on the Bateman property before said board of directors, and that he

would get in touch with plaintiff, William T. Flanders, at his place of business immediately following said meeting.

That defendant, Donald C. Welch, is president of Lock Haven Development Corporation, and defendant, Warren J. Bauman, is secretary of Lock Haven Development Corporation.

That notwithstanding the promise of defendant, Donald C. Welch, that he would contact plaintiff, William T. Flanders, immediately following the meeting of the board of directors of Lock Haven Development Corporation, neither plaintiff, William T. Flanders, nor plaintiff, Robert A. MacMillan, have either seen or heard from defendant, Donald C. Welch, or defendant, Warren J. Bauman, since that time.

That defendant, Donald C. Welch, informed plaintiffs that he and defendant, Warren J. Bauman, had reserved to themselves seven acres out of the Bateman tract and that he and defendant, William J. Bauman, were willing to sublet said seven acres for $2,500 in cash and a 1/32 override on all oil and gas produced therefrom, and that they would give plaintiffs the 1/32 override on the oil and gas produced therefrom if plaintiffs would find a purchaser of the lease covering the seven acre tract.

That sometime later, plaintiffs were contacted by a man named Cross who was searching for oil and gas lands to lease. When plaintiffs mentioned the above seven acre tract, this man told plaintiffs that he was an official of or was connected with Lock Haven Development Corporation, and suggested to plaintiffs that if they would secure the lease on the seven acre tract from defendants and assign it to him, he would drill on the property and would give them a 1/32 override on the oil and gas produced, in which event plaintiffs were to release defendants from their promise

of an override of 1/32 on the oil and gas produced from the balance of the Bateman property. This plaintiffs refused to do.

That up until the present time defendants have either refsued or failed to assign or transfer to plaintiffs the 1/32 of the proceeds from the sale of gas and oil from wells to be drilled on the aforementioned Bateman property.

Plaintiffs are advised, believe and, therefore, aver that the drilling of a well has been commenced by defendants or their assignee on the 25 acre portion of the Bateman property.

That on account of the peculiar nature of the subject matter involved in this case, and the fact that its value cannot be readily ascertained at this time, plaintiffs aver that no damages at law can adequately compensate them for defendants' breach of said promise or agreement, and that they are entitled to have specific performance thereof.

Plaintiffs, therefore, prayed the court to make an order enjoining and restraining said defendants from conveying, selling, transfering, assigning or otherwise disposing of any part of their ¼ interest in the oil and gas on the southernmost 25 acres of the aforesaid Bateman property and from disposing of the oil and gas lease on the northern seven acres of the aforesaid Bateman property, unless or until they assign, set over and transfer unto plaintiffs the 1/32 of the oil produced from said premises and the 1/32 of the proceeds from the sale of gas to be produced from the premises, or from encumbering the same in any manner whatsoever, and that the said Donald C. Welch and Warren J. Bauman, defendants, specifically perform their agreement with plaintiffs.

Defendants filed preliminary objections to plaintiffs complaint as follows:

1. Plaintiffs have a full, complete and adequate remedy at law.

2. On the face of the pleadings it appears that if plaintiffs have a cause of action it has not yet accrued and the present action is premature.

3. The complaint fails to state the cause of action on which a decree of specific performance can be awarded.

## Discussion

In disposing of defendants' preliminary objections we must assume that the facts set forth in plaintiff's complaint which are well pleaded, are true. This includes the averment that a well had been commenced on said premises at the time the complaint in equity had been filed. It was also set forth in plaintiffs' brief and not denied that at the time of the argument and of the filing of the brief this well had been completed and was a producing well. The court believes, in view of this undenied statement in plaintiffs brief and at the oral argument, that it can, in its "wide discretion" under rule 1028, properly assume as a fact that at the time of the argument there was a producing well on said premises. It has been held that under its "wide discretion" under this rule the court may permit an amendment of the complaint, based upon assertions made at the oral argument on the preliminary objections: Cifelli v. Vitale Fireworks Manufacturing Co., Inc., 10 Lawrence 130.

The first preliminary objection is that: "The plaintiffs have a full, complete and adequate remedy at law."

Under the facts in this case we do not see how it can be contended that plaintiff has a full, complete and adequate remedy at law as the amount of his damages, if any, can only be partially determined at this time. How can the amount which may be due

plaintiff from the proceeds of any gas and oil wells be determined in an action at law, except as to the amount which might be due at the time suit is brought? Future amounts due certainly could not be determined in such an action nor could payment of them be provided for in an action at law. The only way in which payment of such amounts could be provided for would be by bringing suits periodically or waiting until all the oil and gas in the well drilled on the property covered by the lease was exhausted and then bring a suit for the total amount due. This might take many years and in our opinion would not be just and fair to plaintiff. Any remedy which is not just and fair is not full, complete and adequate.

A remedy which is full, adequate and complete must not leave open for future litigation matters really and substantially involved: Warren et al. v. Boggs et al., 83 W. Va. 89, 97 S. E. 589. A legal judgment if rendered at this time would not dispose of all the issues of this case. In such case equity will take jurisdiction in order to avoid a multiplicity of suits.

We, therefore, hold that plaintiff does not have a full, complete and adequate remedy at law and that this is a proper action for equity jurisdiction. This preliminary objection is, therefore, overruled.

The second preliminary objection is that: "On the fact of the pleadings it appears that if the plaintiff has a cause of action it has not as yet accrued and the present action is premature."

We agree with the contention of plaintiff that the cause of action in this case accrued to plaintiff at the time defendant secured the lease from the Batemans.

We further agree with the contention of plaintiff that this preliminary objection is not proper under rule 1017 (b) of the Pa. Rules of Civil Procedure. This preliminary objection is, therefore, overruled.

The third preliminary objection is that: "The com-

plaint fails to state a cause of action on which a decree of specific performance can be awarded."

This objection goes to the merits of the case and the court is of the opinion that the merits of the case cannot be determined on preliminary objections unless the court is of the opinion that the complaint does not set forth a good cause of action and this question is raised by preliminary objection. We are not so convinced in this case.

We are of the opinion that the Statute of Frauds does not enter into this case but, even if it did, this question was not raised by any preliminary objection filed and cannot be argued and will not be considered by the court: Melnick v. Pottsville, 43 Schuyl. 121; Hoppes v. Dreher, 45 Schuyl. 14; Kewtick Corporation of California v. Barre Supply Company, Inc., 70 D. & C. Reports 95.

The court is of the opinion that the preliminary objections, as a whole, are not well pleaded. In the commentary to rule 1028(a)1 in Goodrich Amram's Procedural Rule Service at page 119, it is stated that in its capacity as a "pleading" the preliminary objection must give full information to the opposing party. It must state specifically the nature of the matters objected to, and must claim definite relief. This commentary further states: "The pleader must steer an intelligent middle course between giving inadequate information and writing a brief in the objections." The third preliminary objection is, therefore, also dismissed.

The court, therefore, makes the following

## Order

Now, August 3, 1954, preliminary objections filed by defendants in this case are overruled and dismissed and defendants are required to file an answer within 20 days from the filing of this opinion and order.